1   WO

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   James Joseph Zanzot,                    )    CIV 15-0485-PHX-DJH (MHB)
                                            )
10              Petitioner,                 )    **REPORT AND RECOMMENDATION**
                                            )
11   vs.                                    )
                                            )
12   Charles L. Ryan, et al.,               )
                                            )
13              Respondents.                )
                                            )

14

15   TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT COURT:

16          Petitioner James Joseph Zanzot, who is confined in the Arizona State Prison Complex,

17   filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

     Respondents filed an Answer (Doc. 16), and Petitioner filed a Reply (Doc. 25).

18                                  **BACKGROUND**[1]

19          On June 18, 2008, Petitioner was indicted on one count of burglary in the third degree,

20   a class 4 felony, and 22 counts of voyeurism, class 5 felonies. (Exh. A.) Pursuant to a plea

21   agreement, Petitioner was thereafter convicted in Maricopa County Superior Court, of

22   burglary with sexual motivation and two counts of voyeurism, class 4 felonies and was

23   subsequently sentenced to a cumulative 12.5-year term of imprisonment. (Exhs. A-D.)

24          Petitioner thereafter filed a "of-right" notice of post-conviction relief ("PCR"). (Exh.

25   E.) Petitioner's appointed counsel filed a notice of completion of PCR review, avowing that,

26

27   _____

28          [1] Unless otherwise noted, the following facts are derived from the exhibits submitted
     with Doc. 16 – Respondents' Answer.

1  after reviewing the record, she was unable to find any colorable claims for relief. (Exh. F.)

2  Petitioner thereafter filed a pro per PCR petition in the state trial court relief raising the

3  following claims: (1) the state's grand jury proceedings were conducted without Petitioner's

4  presence; (2) the prosecutor engaged in misconduct during the grand jury proceedings by,

5  (a) misrepresenting evidence, and (b) suborning perjury; (3) there was insufficient evidence

6  regarding the burglary count; (4) there was insufficient evidence of sexual motivation; (5)

7  the trial court erred in imposing aggravated and consecutive sentences; (6) because the state

8  failed to present sufficient evidence that the offenses involved a sexual motivation, the trial

9  court erred in requiring Petitioner to register as a sex offender; (7) the plea agreement was

10 invalid because there was an insufficient factual basis to support the burglary and voyeurism

11 charges, defense counsel did not inform Petitioner regarding the consequences of the plea,

12 and the state violated the terms of the plea agreement; (8) the state's DNA testing procedures

13 were flawed; and (9) trial counsel rendered ineffective assistance by failing to, (a) raise an

14 argument regarding prosecutorial misconduct and misrepresentation of evidence, (b) conduct

15 a sufficient pretrial investigation or file motions regard the grand jury, (c) present mitigating

16 factors at sentencing, and (d) challenge the imposition of aggravated and consecutive

17 sentences. (Exh. G.)

18     On December 3, 2012, the state court dismissed the PCR petition, finding that

19 Petitioner had failed to state a colorable claim for relief. (Exh. J.)

20     Petitioner thereafter filed a petition for review in the Arizona Court of Appeals raising

21 the following claims: (1) defense counsel rendered ineffective assistance by failing to, (a)

22 challenge a change to the offense date during the change of plea hearing, and (b) adequately

23 convey the consequences of accepting the plea agreement; (2) the prosecutor engaged in

24 misconduct by, (a) amending the dates of the offenses during the change of plea hearing, and

25 (b) violating the terms of the plea agreement during sentencing; (3) the trial court erred in

26 finding that Petitioner knowingly, intelligently, and voluntarily entered into the plea

27 agreement; (4) the trial court erred by imposing consecutive sentences; (5) the trial court

28

1   erred by imposing aggravated consecutive sentences; and (6) the trial court failed to give

2   Petitioner the correct amount of pre-incarceration credit. (Exh. K.)

3         On March 18, 2014, the Arizona Court of Appeals granted review, but denied relief.

4   (Exh. M.) The court found that Petitioner had only properly presented two issues for review:

5   (1) a challenge to the grand jury proceedings; and (2) the trial court could not consider his

6   prior convictions as an aggravating factor for sentencing purposes. (Id.) The court, however,

7   rejected the claims finding that: (1) by pleading guilty, Petitioner had waived his right to

8   challenge the grand jury proceedings; and (2) regarding the consideration of Petitioner's prior

9   convictions of aggravating factors, the plea agreement stated that the state would not allege

10  the prior convictions for purposes of enhancement (not aggravation), with the exception of

11  burglary, which Petitioner expressly agreed to plead guilty to with one historical felony

12  conviction for enhancement purposes. (Id.) The court further found that Petitioner's

13  remaining claims were precluded, stating that:

14        While some of the issues may be similar to issues he presented below,
        [Petitioner] presents these issues in new contexts he did not present below
15        and/or supports these issues with new arguments he did not present below. A
        petition for review may not present issues and arguments not first presented to
16        the trial court.

17  (Id.) Petitioner did not seek review in the Arizona Supreme Court.

18        On March 16, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.

19  (Doc. 1.) Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that the

20  state breached the plea agreement in violation of the Fifth and Fourteenth Amendments. (Id.)

21  In Ground Two, Petitioner alleges that the prosecutors committed misconduct, in violation

22  of the Fifth and Fourteenth Amendments. (Id.) In Ground Three, Petitioner alleges that

23  defense counsel rendered ineffective assistance by failing to object to the imposition of

24  aggravated and consecutive sentences. (Id.) In Ground Four, Petitioner alleges that the trial

25  court erred when it imposed an aggravated sentence. (Id.)

26  \\\

27  \\\

28                          - 3 -

**DISCUSSION**

In their Answer, Respondents contend that Grounds One through Four are procedurally defaulted. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an

underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner

attempted to raise the claim in state court, and that state procedural bar is both "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

1  when a state court has been presented with the federal claim,' but declined to reach the issue
2  for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
3  barred.'") (quoting Harris, 489 U.S. at 263 n.9).

4      In Arizona, claims not previously presented to the state courts via either direct appeal
5  or collateral review are generally barred from federal review because an attempt to return to
6  state court to present them is futile unless the claims fit in a narrow category of claims for
7  which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding
8  claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar),
9  32.9(c) (petition for review must be filed within thirty days of trial court's decision). Arizona
10 courts have consistently applied Arizona's procedural rules to bar further review of claims
11 that were not raised on direct appeal or in prior Rule 32 post-conviction proceedings. See,
12 e.g., Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule
13 are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001)
14 ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in
15 several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S.
16 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona
17 courts have not "strictly or regularly followed" Rule 32 of the Arizona Rules of Criminal
18 Procedure); State v. Mata, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996)
19 (waiver and preclusion rules strictly applied in post-conviction proceedings).

20     The federal court will not consider the merits of a procedurally defaulted claim unless
21 a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
22 his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);
23 Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and
24 prejudice" test, a petitioner must point to some external cause that prevented him from
25 following the procedural rules of the state court and fairly presenting his claim. "A showing
26 of cause must ordinarily turn on whether the prisoner can show that some objective factor
27 external to the defense impeded [the prisoner's] efforts to comply with the State's procedural

28

1   rule. Thus, cause is an external impediment such as government interference or reasonable

2   unavailability of a claim's factual basis." <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1052 (9ᵗʰ Cir.

3   2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules

4   or other forms of general inadvertence or lack of legal training and a petitioner's mental

5   condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly

6   present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear

7   that a fundamental miscarriage of justice exists when a Constitutional violation has resulted

8   in the conviction of one who is actually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 495-96.

9          In Ground One, Petitioner argues that the state breached the plea agreement during

10  sentencing by alleging, as an aggravating factor, that Petitioner was on probation when he

11  committed the offenses. (Doc. 1 at 6.) In Ground Two, Petitioner argues that the prosecutor

12  engaged in misconduct during the grand jury proceedings by misrepresenting evidence and

13  by presenting false testimony. (Doc. 1 at 7.) In Ground Four, Petitioner argues that the trial

14  court erred by: (a) considering, as an aggravating factor, that Petitioner was on probation at

15  the time of the offenses; (b) not considering Petitioner's waiver of probation as a mitigating

16  factor; and (c) requiring that Petitioner register as a sex offender. (Doc. 1 at 9.)

17         Although Petitioner arguably raised these issues in his PCR petition in the state court,

18  when Petitioner subsequently sought relief in the Arizona Court of Appeals, the appellate

19  court concluded that Petitioner had properly presented only two issues - neither of which he

20  currently raises in his habeas petition: (1) a challenge to the grand jury proceeding; and (2)

21  the trial court erred in considering Petitioner's prior conviction as an aggravating factor for

22  sentencing purposes. (Exh. M.) As to the remaining claims set forth in the petition for review,

23  the appellate court found that Petitioner failed to raise "those same issues in the petition for

24  post-conviction relief he filed below. While some of these issues may be similar to issues he

25  presented below, [Petitioner] presents these issues in new contexts he did not present below

26  and/or supports these issues with new arguments he did not present below. A petition for

27  review may not present issues and arguments not first presented to the trial court." (<u>Id.</u>) Thus,

28                                          - 8 -

1    Petitioner did not properly exhaust Grounds One, Two, and Four in state court. See Castillo,

2    399 F.3d at 999 ("To exhaust his Arizona remedies, Castillo had to give the Arizona courts

3    a 'fair opportunity' to act on his federal due process claim before presenting it to the federal

4    courts. ... We consider Castillo's briefing to the Arizona Court of Appeals to determine

5    whether he fairly presented his federal due process claim to the Arizona courts.") (citations

6    omitted); Swoopes, 196 F.3d at 1011 (except in cases in which life sentences or the death

7    penalty has been imposed, Arizona state prisoners properly exhaust their claims for the

8    purpose of federal habeas corpus by presenting them to the Arizona Court of Appeals). And,

9    any return to state court to properly exhaust these claims would be futile. See Ariz.R.Crim.P.

10   32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction

11   relief), 32.4(a) (time bar). Accordingly, Grounds One, Two, and Four are procedurally

12   defaulted.

13        In Ground Three, Petitioner argues that trial defense counsel rendered ineffective

14   assistance by failing to object at sentencing when the state allegedly violated the plea

15   agreement by alleging, as an aggravating factor, that Petitioner was on probation at the time

16   of the offense. (Doc. 1 at 8.)

17        Petitioner never presented this claim to the state trial or appellate courts. (Exhs. G, K.)

18   Although the record reflects that, in his PCR petition, Petitioner alleged that defense counsel

19   rendered ineffective assistance by "not ... objecting to aggravated consecutive sentences,"

20   he provided no specific grounds on which defense counsel should have objected. Similarly,

21   although Petitioner raised an ineffective assistance of counsel claim in his petition for review

22   to the Arizona Court of Appeals, he never argued that defense counsel rendered ineffective

23   assistance by failing to object when the state allegedly violated the plea agreement by

24   alleging, as an aggravating factor, that Petitioner was on probation at the time of the offense.

25   As such, Petitioner failed to properly present this claim to the state courts. See Castillo, 399

26   F.3d at 999; Swoopes, 196 F.3d at 1011. And, any return to state court to properly present

27   Ground Three would be futile. See Ariz.R.Crim.P. 32.2(a) (precluding claims not raised on

28

appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar). Accordingly, Ground Three is procedurally defaulted.

Petitioner has also not established grounds to excuse the procedural default of Grounds One through Four by a showing of cause and prejudice, and he has not argued a fundamental miscarriage of justice. And, as stated previously, ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claims.

Moreover, although "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309, 1315 (2012), Petitioner fails to argue "cause" for his default of Ground Three pursuant to Martinez.[4] In any event, the Court notes that Martinez has no application to Ground Three.

Determining whether an ineffective assistance of counsel claim is "substantial" requires a district court to examine the claim under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To establish a Sixth Amendment claim of ineffective counsel, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. See id. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." Id. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional

---

[4] "Cause" is established under Martinez when: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral review proceeding." Trevino v. Thaler, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (citing Martinez, 132 S.Ct. at 1318-19, 1320-21).

1    judgment. See id. "A fair assessment of attorney performance requires that every effort be

2    made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

3    counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

4    time." Id. at 689. Review of counsel's performance is extremely limited. Acts or omissions

5    that "might be considered sound trial strategy" do not constitute ineffective assistance of

6    counsel. Id.

7          To establish a Sixth Amendment violation, a petitioner must also establish that he

8    suffered prejudice as a result of counsel's deficient performance. See id. at 691-92. To show

9    prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's

10   unprofessional errors, the result of the proceeding would have been different." Id. at 694. The

11   court need not address both Strickland requirements if the petitioner makes an insufficient

12   showing on one. See id. at 697 (explaining that "[i]f it is easier to dispose of an

13   ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be

14   followed").

15         Even assuming deficient performance, other than mere speculation regarding

16   "withdraw[ing] from the plea agreement and go[ing] to trial," Petitioner has failed to

17   establish that but for the alleged inadequate representation, he would have received a lesser

18   sentence had he gone to trial. See, e.g., Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir.

19   2011) ("cursory and vague [ ineffective assistance of counsel claim] cannot support habeas

20   relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (stating that conclusory allegations

21   with no reference to the record or other evidence do not warrant habeas relief); James v.

22   Borg, 24 F.3d 20, 26 (9th Cir. 1994) (holding that conclusory allegations may be summarily

23   rejected). Moreover, the record reflects that had Petitioner gone to trial, he was potentially

24   facing 20 additional counts; he had 10 prior felony convictions; he was only released 9 days

25   earlier from prison; and he was in prison for similar violations. Because the underlying IAC

26   claim is without merit, Petitioner's PCR counsel was not ineffective for failing to raise it. See

27

28                                            - 11 -

1  <u>Martinez</u>, 132 S.Ct. at 1319. And, thus, Petitioner cannot show his IAC claim is a
2  "substantial claim" in order to satisfy his burden under <u>Martinez</u>.

3      Petitioner, therefore, has failed to present reasons to excuse his procedural defaults.
4  The Court will recommend that Grounds One through Four be denied and dismissed.

5                                    **CONCLUSION**

6      Having determined that Grounds One through Four are procedurally defaulted, the
7  Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and
8  dismissed with prejudice.

9      **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
10  Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
11  **PREJUDICE**.

12      **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
13  to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
14  justified by a plain procedural bar and jurists of reason would not find the procedural ruling
15  debatable.

16      This recommendation is not an order that is immediately appealable to the Ninth
17  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18  Appellate Procedure, should not be filed until entry of the district court's judgment. The
19  parties shall have fourteen days from the date of service of a copy of this recommendation
20  within which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1);
21  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
22  days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of
23  Civil Procedure for the United States District Court for the District of Arizona, objections
24  to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure
25  timely to file objections to the Magistrate Judge's Report and Recommendation may result
26  in the acceptance of the Report and Recommendation by the district court without further
27  review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure

28

1  timely to file objections to any factual determinations of the Magistrate Judge will be

2  considered a waiver of a party's right to appellate review of the findings of fact in an order

3  or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,

4  Federal Rules of Civil Procedure.

5      DATED this 7th day of December, 2015.

6

7

8                        Michelle H. Burns
                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28