IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Joseph Zanzot, | No. CV-15-00485-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Michelle H. Burns (Doc. 27). Petitioner has filed an Objection to the Report and Recommendation (Doc. 31). Respondents have not filed a response to Petitioner's Objection.

Petitioner raises four grounds for relief in the Petition. In Ground One, Petitioner alleges that the State breached the plea agreement he entered in violation of the Fifth and Fourteenth Amendments. In Ground Two, Petitioner alleges prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments. Petitioner alleges in Ground Three that his attorney at sentencing provided ineffective assistance of counsel by failing to object to the imposition of aggravated and consecutive sentences. Finally, in Ground Four, Petitioner alleges that the trial court erred when it imposed an aggravated sentence. After a thorough analysis, the Magistrate Judge determined that Petitioner's claims are procedurally defaulted and that he failed to present any valid reasons to excuse his

procedural defaults. Accordingly, the Magistrate Judge recommends the Petition be denied and dismissed with prejudice. (Doc. 27 at 12).

## I. Background

Pursuant to a plea agreement dated March 19, 2009, Petitioner pled guilty to one count of burglary in the third degree with sexual motivation, a class four felony under Arizona law, with a prior felony conviction. (Doc. 16-1 at 12). He also pled guilty to two counts of voyeurism, class five felonies. (*Id.*). At the sentencing hearing on October 30, 2009, Petitioner was sentenced to a total of 12.5 years in prison, which included 7.5 years on the burglary count, plus two consecutive 2.5 year terms on the voyeurism counts. (Doc. 16-1 at 21-23). The R&R summarizes the procedural background of the case, including Petitioner's request for post-conviction relief and for appellate review. (Doc. 27 at 1-3). The Court therefore finds it unnecessary to repeat the same information here. Moreover, Petitioner has not objected to the information in the background section. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").

## II. Analysis

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

A comprehensive summary of the legal standards governing exhaustion of state court remedies and procedural default is provided in the R&R (Doc. 27 at 4-8). Because Petitioner does not object to the legal standards set forth in the R&R, this Court relies on those standards for its analysis.

1    As referenced in the R&R, a petitioner must exhaust his remedies in state court before filing a habeas petition in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c).  To exhaust state court remedies in Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals either through the state's direct appeal process or through post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

"In order to 'fairly present' an issue to a state court, a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009)); *see also Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (finding the petitioner failed to fairly present his federal claims to the state court because he did not describe the operative facts and federal legal theory upon which his claims were based) (citations omitted).  Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory on which the claim is based. *See Picard v. Connor*, 404 U.S. 270, 275-278 (1971).  "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001).  "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

In this case, the Arizona Court of Appeals determined that Petitioner had properly presented only two claims in his petition for review following the denial of his petition for post-conviction relief, the first of which was a direct challenge to the grand jury proceedings and the second of which was a claim that the trial court erred in considering Petitioner's prior conviction as an aggravating factor for sentencing purposes.  Neither of these claims is raised in Petitioner's habeas petition.  Thus, because none of Petitioner's

federal habeas claims are the same as the claims he raised in his petition for review in the Arizona Court of Appeals, his habeas claims have not been properly exhausted. Moreover, returning to the state court to properly exhaust the claims at this stage would be futile.[1] Petitioner's claims are, therefore, procedurally defaulted.

With regard to Ground One, Petitioner objects to the Magistrate Judge's procedural default determination by arguing that the Arizona Court of Appeals was required to review the entire record for fundamental and legal errors. (Doc. 31 at 3). In addition, Petitioner argues that the Court of Appeals was required to not only consider the claims presented in that court but also consider the claims presented in the initial petition for post-conviction relief in the trial court. Petitioner's argument, however, would render the exhaustion requirement meaningless. It was Petitioner's responsibility to present his habeas claims first to the trial court in his petition for post-conviction relief and then to the Arizona Court of Appeals. Petitioner was required to first provide the state courts a full and fair opportunity to address his claims before presenting them in a habeas petition. The claim he raises here in Ground One, that the prosecution breached the plea agreement by alleging as an aggravating factor at sentencing that Petitioner committed the offenses while on probation, was not fairly presented to both the trial court and to the Arizona Court of Appeals. The claim is therefore procedurally defaulted and Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice that would excuse the procedural default.

Regarding Ground Two, in which Petitioner alleges the prosecutor engaged in misconduct during the grand jury proceedings, Petitioner claims he argued this claim "either in a direct or indirect manner" in the state trial court and at the Court of Appeals. (Doc. 31 at 6). He concedes, however, that his petition for review in the Court of

---

[1] Arizona Rule of Criminal Procedure 32.2(a) provides that a defendant is precluded from post-conviction relief on any ground that could have been raised on direct appeal or that was decided in a prior post-conviction petition. In addition, the time has passed to seek post-conviction relief in the State court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown any of the exceptions to the time limits identified in Arizona Rules of Criminal Procedure 32.1(d), (e), (f), (g) or (h) apply to him.

Appeals "lacked articulation of these specific claims" of prosecutorial misconduct. (*Id*.). Despite acknowledging that his petition in the Arizona Court of Appeals did not present the same prosecutorial misconduct claim that is presented here in his habeas petition, he claims that he satisfied the exhaustion requirement and his claim is not procedurally defaulted. The Court disagrees. As the above referenced legal authority establishes, to fairly present a claim in state court, a petitioner must have described the same operative facts and federal legal theory upon which his habeas claim is based. As Petitioner concedes, he failed to do so here. Ground Two is therefore procedurally defaulted and Petitioner has not made the requisite showing to excuse the procedural default.

Petitioner alleges in Ground Three that he received ineffective assistance of counsel when his lawyer at sentencing failed to object when the trial court used Petitioner's probation status as an aggravating factor. Petitioner claims that pursuant to his plea agreement, his probation status at the time of the offense could not be used to increase his sentence. Petitioner, however, did not present this specific ineffective assistance claim to the Arizona Court of Appeals in his petition for review. (Doc. 16-2 at 5-11). Petitioner therefore failed to exhaust his state court remedies.

Petitioner contends that he did "touch on" this argument in both the trial court and in the Court of Appeals. (Doc. 31 at 8). He contends that by reading all the documents from the post-conviction relief proceedings, the Court should conclude that Petitioner attempted to present this claim. Petitioner contends that "the grounds for which counsel should have objected to these aggravated consecutive sentences were based on the only obvious reasons cited in the sentencing transcripts" and the plea agreement. (Doc. 31 at 8). Thus, Petitioner is essentially arguing that it is the Court's obligation to discern what his intended claims were in state court by reviewing the complete record, rather than rely on the claims he specifically identified in his post-conviction petition and petition for review. However, as the above cited authority indicates, the obligation to clearly identify his claims rests with Petitioner. Petitioner's ineffective assistance claim in the petition for review to the Arizona Court of Appeals failed to mention anything about counsel's

failure to object to the trial court's use of his probation status as an aggravating factor. Because Petitioner failed to present this claim to the Arizona Court of Appeals, the claim has not been exhausted. As noted above, returning to the state court to properly exhaust the claims at this stage would be futile. The claim is therefore procedurally defaulted and Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice that would excuse the procedural default.

Lastly, with regard to Ground Four, Petitioner alleges the trial court erred at the sentencing hearing by considering his probation status even though the plea agreement dismissed the allegation that he was on probation at the time of the offense. He further claims the trial court erred by imposing aggravated and consecutive sentences on the voyeurism counts after Petitioner declined lifetime probation on those counts. Petitioner also claims the Court erred by requiring him to register as a sex offender.

As referenced above, the Arizona Court of Appeals concluded that the petition for review properly presented only two issues, a challenge to the grand jury proceedings and a claim that the trial court could not consider his prior convictions as an aggravating factor at sentencing. (Doc. 16-2 at 38). The Court of Appeals further explained:

> While Zanzot presents many other issues in his petition for review, he did not raise those same issues in the petition for post-conviction relief he filed below. While some of these issues may be similar to the issues presented below, Zanzot presents these issues in new contexts he did not present below and/or supports these issues with new arguments he did not present below. A petition for review may not present issues and arguments not first presented to the trial court. [citations omitted]

(Doc. 16-2 at 138). Because Petitioner's claim in Ground Four is not among those identified by the Arizona Court of Appeals as properly presented in the petition for review, the claim in Ground Four has not been exhausted. Petitioner presents nothing in his Objection (Doc. 31) to persuade the Court otherwise. The claim is therefore procedurally defaulted and Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice that would excuse the procedural default.

### III. Conclusion

For the foregoing reasons, and after conducting a *de novo* review of the Magistrate Judge's procedural default determinations, the Court agrees with the Magistrate Judge and concludes that Petitioner's grounds for relief are procedurally defaulted.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 27) is **accepted** and **adopted**. Petitioner's Objections (Doc. 31) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 16th day of November, 2016.

Honorable Diane J. Humetewa
United States District Judge